RAYMOND CONOVER, PROSECUTOR, v. CITY OF PLEAS-ANTVILLE, RESPONDENT.

Decided June 18, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Cole & Cole.*

For the respondent, *Louis D. Champion.*

PER CURIAM.

The prosecutor sued out of this court a writ of *certiorari* to review the validity of an ordinance of the city of Pleasantville.

There is a stipulation of facts between counsel of the respective parties, as follows: "For the purpose of the decision it is stipulated that prosecutor lives in Linwood, Atlantic county, New Jersey; that he does not have a place of business in the city of Pleasantville, and did not have at the time of this application for a license, to be issued under the ordinance under

review, and that he was refused the right to otherwise qualify under the ordinance, because he had no place of business in Pleasantville."

The ordinance returned in obedience to the writ of *certiorari* contains twenty sections, none of which is claimed to be invalid, except section 5, which is entitled "An ordinance for the examination, licensing and registration of persons, firms or corporations engaged or engaging in the business or work of installing and erecting wiring, fixtures, engines and machinery, or work of whatever character, for the conduct and use of electricity, and imposing fines, penalties and forfeitures for the violation thereof."

It is quite manifest that the record in this case, in its present shape, does not bring up the question which is argued in the brief of counsel for the prosecutor.

It is not claimed that the ordinance is invalid *in toto,* but, as has been stated, the only claim made is that section 5 of the ordinance is invalid.

The situation presented here is, that a non-resident asks for a review of an ordinance which contains twenty sections, some of which are not claimed to be invalid.

The settled legal rule in this state, as enunciated by the Court of Errors and Appeals, is that an ordinance will not be set aside *in toto,* where there are any valid sections of the ordinance, and that the remedy of a person who is aggrieved by the ordinance is to resist its enforcement, and thus contest the validity of the section claimed to be invalid.

See *Pennsylvania Railroad Co.* v. *Jersey City,* 47 *N. J. L.* 286, followed in *Hamblet* v. *Asbury Park,* 61 *Id.* 502, in which case it was held that the validity of an ordinance of a city of this state, imposing a license for revenue, will not be adjudicated upon a writ of *certiorari* brought by a non-resident prosecutor, against whom no action has been instituted. To the same effect is *Kendall Manufacturing Co.* v. *Jersey City,* 65 *Id.* 123.

In the present case the prosecutor lives in Linwood. The ordinance attacked, relates to the city of Pleasantville, and regulates the carrying on of the electrical business in that city, and by section 1 provides, that every registered master

electrician who shall have a *bona fide* place of business in the city of Pleasantville "shall display on the front of his or their place of business" a sign, "Registered Electrician," bearing the name or names of the persons, firm or corporation in letters not less than one and one-half inches high, except as provided in sections 3 and 4.

We are unable to observe anything in this section which is unreasonable or in anywise raises the question which is raised in prosecutor's brief concerning the validity of section 5.

The *certiorari* is dismissed, with costs.